**FILED**

**11-29-2021**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

CAUSE NO.: 2020-24709

| | | |
|---|---|---|
| GWENDOLYN MOORE and | § | IN THE DISTRICT COURT |
| JOHN MOORE, SR., | § | |
| | § | 1:21-cv-2952-TWP-TAB |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | MARION COUNTY, TEXAS |
| | § | |
| TMI TRANSPORT CORPORATION | § | |
| and DWIGHT WUNDERLICH, | § | |
| | § | |
| *Defendants*. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE

COME NOW Gwendolyn Moore and John Moore, Sr. and file Plaintiffs' Original Petition, Jury Demand, and Rule 193.7 Notice complaining of TMI Transport Corporation and Dwight Wunderlich. Plaintiffs show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1    Pursuant to Texas Rule of Civil Procedure 190.3, Plaintiffs intend to conduct discovery in this case under a Level 2 Discovery Control Plan.

### II. PARTIES

2.1    Plaintiffs, Gwendolyn Moore and John Moore, Sr., are Indiana residents, citizens of Marion County, Texas.

2.2    Defendant, TMI Transport Corporation, is a foreign corporation doing business in North Dakota and may be served through the Indiana Secretary of State, 200 W. Washington St., #201, Indianapolis, IN 46204.

2.3    Defendant, Dwight Wunderlich, is an individual who may be served with process at his residence.

### III. JURISDICTION & VENUE

3.1     The Court has jurisdiction over this case because the damages to Plaintiffs are within the Court's jurisdictional limits. Plaintiffs seek only monetary relief within jurisdictional limits of the Court, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

3.2     All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Marion County, Texas. The venue is therefore properly consistent with sections 15.001 and 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

3.3     Plaintiffs have satisfied all conditions precedent to the filing of this suit.

3.4     Nothing that Plaintiffs did cause or contribute to the occurrence giving rise to this lawsuit.

### IV. FACTS

4.1     On or about November 15, 2019, Plaintiffs were injured by Dwight Wunderlich as he operated a vehicle owned by TMI Transport Company.

4.2     As a result, Plaintiffs sustained serious and debilitating injuries.

### V. COUNT 1 – NEGLIGENCE (DEFENDANT DWIGHT WUNDERLICH)

5.1     The incident made the basis of this lawsuit resulted from the improper conduct of Defendant. The defendant owed Plaintiffs a duty to behave like a person of ordinary prudence would have under the same or similar circumstances. Defendant's conduct constituted negligence as that term is understood in the law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiffs now made the basis of this suit. Defendant's acts of negligence include, but are not limited to, the following:

a.      Failure to control the speed of the vehicle;

b.      Failure to maintain a proper lookout;

c.      Failure to behave like a person of ordinary prudence would have under the same or similar circumstances; and

d.      Other acts of negligence and/or negligence per se not specifically enumerated above.

## VI. COUNT 2 - NEGLIGENT ENTRUSTMENT (DEFENDANT TMI TRANSPORT CORPORATION)

6.1      The incident made the basis of this lawsuit resulted from the improper conduct of Defendant. Defendant owns the vehicle that co-defendant was driving at the time of the incident, which was entrusted to Defendant, Dwight Wunderlich. Moreover, Defendant entrusted the vehicle to an incompetent or reckless driver who it knew or should have known was incompetent or reckless. The driver to whom he entrusted the vehicle was negligent on the occasion in question, and the owner's entrustment and the driver's negligence proximately caused Plaintiffs' injuries.

## VII. DAMAGES

7.1      As a result of the incident made the basis of this lawsuit described in the preceding paragraphs, and as a direct and proximate result of Defendants' negligence, Plaintiffs suffered serious and debilitating injuries in the past and will in all reasonable probability sustain additional damages in the future.

7.2      Plaintiffs respectfully pray that the trier-of-fact determine the monetary amount of their damages and losses incurred in the past and the damages and losses they are likely to incur in the future. Upon such determination, Plaintiffs further pray that the jury issues a monetary award as compensation for these damages, which should include, but not be limited to, compensation for Plaintiffs:

a.      past, present, and future physical pain;

b.      past, present, and future mental anguish and suffering;

c.      past, present, and future lost wages and lost earning capacity;

d.      past, present, and future physical impairment;

e.      past, present, and future disfigurement;

f.      past, present, and future inconvenience;

g.      past, present, and future medical care expenses; and

h.      past, present, and future out-of-pocket economic losses.

7.3    Because of all the above and foregoing, Plaintiffs have suffered actual damages above the minimum jurisdictional limits of the Court.

7.4    Plaintiffs seek prejudgment and post-judgment interest as allowed by law, all costs of court, and all other and additional relief, whether general or special, at law or in equity, to which she may show herself justly entitled.

## VIII. JURY DEMAND

8.1    Plaintiffs hereby request and respectfully demand a trial by jury as allowed according to Texas Rule of Civil Procedure 216.

## IX. RULE 193.7 NOTICE

9.1    Plaintiffs hereby give actual notice to Defendants that all documents produced may be used against her during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants are cited in terms of law to appear and answer herein and that upon final trial and a hearing hereof, Plaintiffs recover damages in accordance with the evidence including, but not limited to, prejudgment and

post-judgment interest, costs of court, and all other and further relief, whether general or special,

at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

By: _____

Gwendolyn Moore
John Moore, Sr.
2417 Fox Harbour Lane
Indianapolis, IN 46227
T: (317) 213-6655
T: (317) 608-9790
E: brown34eyes@yahoo.com

**PRO SE**